IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AMARE JEROME LEWIS**                                                                                     **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 3:24-cv-00838-CWR-LGI**

**TYREE JONES**                                                                                              **DEFENDANT**

**SHERIFF TYREE JONES' MEMORANDUM OF AUTHORITIES
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant Sheriff Tyree Jones ("Sheriff Jones"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits his Memorandum of Authorities in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as follows:

**INTRODUCTION**

Plaintiff Amare Jerome Lewis filed his Complaint pursuant to 42 U.S.C. § 1983 against Defendant Sheriff Tyree Jones on December 27, 2024, arising from an alleged stabbing Plaintiff claims he suffered from other inmates while he was incarcerated at the Hinds County Detention Center in Raymond, Mississippi. [Dkt. #1], at 4-5. Plaintiff's Complaint asserts three discernable claims: (1) that at the time of the alleged stabbing on October 11, 2024, there were no guards present in the area where he was stabbed; (2) after returning from the hospital, Plaintiff claims he was "placed back in uncomfortable/unfair living conditions"; and (3) Plaintiff's request to be transferred to another facility was denied. *Id*. Sheriff Jones now moves to dismiss Plaintiff's claims without prejudice for his failure to exhaust his administrative remedies prior to filing suit on December 27, 2024.

1

## **LEGAL STANDARD**

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The United States Supreme Court has explained that the language of Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact...." *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561, 1567 (N.D. Miss. 1995), citing *Celotex,* 477 U.S. at 323.

Once a properly supported Motion for Summary Judgment is presented, the nonmoving party must rebut it with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982), citing *Ferguson*, 584 F.2d at 114. The non-moving party cannot rely on mere denial of material facts or unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda; rather, the non-movant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted).

**FACTUAL ALLEGATIONS**

At all relevant times in Plaintiff's Complaint, he was incarcerated at the Hinds County Detention Center. [Dkt. #1]. While incarcerated, Plaintiff alleges to have suffered the aforementioned constitutional violations. However, because Plaintiff failed to exhaust the administrative remedies available to him, Sheriff Jones is entitled to dismissal of this case and all claims against him.

**ARGUMENT**

I. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE FOR HIS FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Plaintiff's claims are governed by the Prison Litigation Reform Act (PLRA), which is codified as 42 U.S.C. § 1997e. The PLRA, in 42 U.S.C. § 1997e(h), defines "prisoner" as "any person incarcerated or detained in *any* facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." (emphasis added). The Fifth Circuit has further held that "prisoner" status is assessed at the time the lawsuit is filed. *See Bernal v. Bexar County*, 757 Fed.Appx. 316 (5th Cir. 2018). Plaintiff is currently in the custody of Hinds County, Mississippi and was incarcerated at the time he filed suit, alternating between Hinds County Detention Center ("HCDC") and Tallahatchie County Correctional Facility arising out of population control issues at HCDC.[1] [Dkt. #34]. The PLRA is clearly applicable in this civil action.

Plaintiff's failure to exhaust his administrative remedies prior to filing this suit is fatal to his claims. The PLRA declares: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

---

[1] *See also* Exhibit B, Omnibus Hearing Tr. at 30-32.

3

or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003), quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, under § 1997e(a), a prisoner must exhaust such administrative remedies as are available, whatever they may be. *See Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate. *Id*. at 359.

The Hinds County Detention Center had a grievance program for the entirety of Plaintiff's incarceration. *See* Declaration of Lt. Jimaka Scott, Exhibit A; Exhibit B, Omnibus Hearing Transcript at 31:4-17; Exhibit C, Declaration of Major Anthony Simon. Plaintiff was aware of the grievance process and availed himself of it numerous times throughout his time at HCDC. *See* Amare Lewis Grievances attached to Ex. C; Ex. B, Tr. at 31:7-10. Lt. Scott's declaration confirms that HCDDC had an administrative remedies program during the time of the incident and up to the date Plaintiff filed his complaint on December 27, 2024, which required inmates to submit inmate grievance forms outlining their complaints. Ex. A. She confirms that Plaintiff's grievance file contains no grievance regarding his claims in this case. *Id*. Major Simon's declaration authenticates the copy of Plaintiff's grievance file and attaches his file to his declaration, which itself demonstrates that Plaintiff filed no grievance between the time of the alleged October 11, 2024 incident and when he filed suit on December 27, 2024 [Dkt. #1].

Despite Lewis's familiarity with the grievance process, he admitted he filed no grievances regarding the facts underlying this lawsuit and therefore did not exhaust the grievance process regarding any of the allegations contained in his complaint. Ex. A; Ex. C; Ex. B, at Tr. 31-35.

Plaintiff was fully aware of the grievance process, used it continuously throughout his incarceration for matters unrelated to his claims in this lawsuit, but failed to exhaust his remedies regarding the claims contained within his Complaint [Dkt. #1]. There can be no material dispute that the PRLA requires Plaintiff's Complaint and all claims against Sheriff Jones to be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, as well as in Sheriff Jones's separate pending Motion to Dismiss and any supplement, Sheriff Jones respectfully requests that this Court grant summary judgment in his favor, dismissing Plaintiff's claims with prejudice, and granting all other such relief that this Court would find appropriate.

This is the 29th day of October, 2025.

                                            Respectfully submitted,

                                            **SHERIFF TYREE JONES, DEFENDANT**

                                            By:    */s/ Charles E. Cowan*
                                                          CHARLES E. COWAN

**OF COUNSEL:**

Charles E. Cowan (MB #104478)
Charles W. Kihm (MB #106826)
WISE CARTER CHILD & CARAWAY, PA
401 E. Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-551
Facsimile: (601) 968-5519
cec@wisecarter.com
cwk@wisecarter.com

## **CERTIFICATE OF SERVICE**

      I, Charles E. Cowan, hereby certify that I have notified the following non-ECF participant of this filing via other means:

**Amare Jerome Lewis**
19351 US 49
Tutweiler, MS 38963

  This the 29th day of October, 2025.

                                          /s/ *Charles E. Cowan*
                                          CHARLES E. COWAN