# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**AMARE JEROME LEWIS**                                                                    **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO. 3:24-cv-00838-CWR-LGI**

**TYREE JONES**                                                                     **DEFENDANT**

## SHERIFF TYREE JONES' SUPPLEMENT TO HIS MOTION TO DISMISS [DKT. #19]

Defendant Sheriff Tyree Jones ("Sheriff Jones"), by and through counsel, and under Rule 12 of the Federal Rules of Civil Procedure, submits this Supplement in support of his prior Motion to Dismiss [Dkt. #19] as follows:

## INTRODUCTION

Plaintiff Amare Jerome Lewis filed his Complaint pursuant to 42 U.S.C. § 1983 against Defendant Sheriff Tyree Jones on December 27, 2024, arising from an alleged stabbing Plaintiff claims he suffered from other inmates while he was incarcerated at the Hinds County Detention Center ("HCDC") in Raymond, Mississippi. [Dkt. #1], at 4-5. Plaintiff's Complaint asserts three discernable claims: (1) that at the time of the alleged stabbing on October 11, 2024, there were no guards present in the area where he was stabbed; (2) after returning from the hospital, Plaintiff claims he was "placed back in uncomfortable/unfair living conditions"; and (3) Plaintiff's request to be transferred to Tallahatchie County Correctional Facility was denied. *Id*. The Court's prior order denying Sheriff Jones' motion requesting to hold the omnibus hearing in abeyance noted that Sheriff Jones' motion to dismiss did not address "municipal liability under § 1983 or Sheriff Jones' status as a final policy maker for Hinds County." [Dkt. #33], at 3 (citations omitted). So, Sheriff Jones assumes the Court's order addressed the possibility Plaintiff's Complaint could be liberally construed as being against Sheriff Jones in his official capacity.

To that extent, Sheriff Jones files this supplement to address any argument that Plaintiff has stated a claim for municipal liability against Hinds County in his Complaint. This Court conducted an omnibus hearing on October 15, 2025. [Dkt. #40]. It is well established that "Plaintiff's *Spears* testimony becomes part of the complaint" and a complaint "amended by *Spears* testimony, may be dismissed pursuant to a Rule 12(b)(6) motion." *Pierce v. Porter*, 2023 WL 3901254, at *3 (E.D. La. June 8, 2023), citing *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995). Accordingly, Sheriff Jones cites the omnibus hearing transcript, and this Court need not convert his motion to one for summary judgment. *Id*.

## FACTUAL ALLEGATIONS

At the omnibus hearing, Plaintiff testified that on October 11, 2024 he got into a fight with another inmate. [Dkt. #40], at 13. He testified he knocked that inmate out and the inmate was later taken by ambulance to University of Mississippi Medical Center because of the injuries Plaintiff inflicted on him. *Id*. at 27. When that fight ended, Plaintiff testified that two or three minutes passed when a group of six or seven other inmates jumped him and stabbed him. *Id*. at 17. In his Complaint, Plaintiff claims there were no guards around at the time he was attacked, and he alleges that when they did arrive, it took them twenty minutes to get there. [Dkt. #1], at 4-5. When asked if there was a policy at HCDC he was complaining about, Plaintiff testified there were no guards on posts at the time of the attack. [Dkt. #40], at 20-21. Yet Plaintiff admitted that there were guards "normally that be in the tower" but that during this incident they just happened not to be there. *Id*. at 21-22. Plaintiff testified he did not have time to warn anyone at HCDC before he was attacked. *Id*. at 23-24. His claim appears focused on the fact that guards should have been present, but were not, which failed to prevent the attack on him. *Id*. at 20-24.

2

**ARGUMENT**

I. **ANY MUNICIPAL LIABILITY CLAIM ASSERTED BY PLAINTIFF AGAINST SHERIFF JONES SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Sherriff Jones already moved for dismissal of any claims asserted by Plaintiff against him in his individual capacity for the reasons explained in his memorandum brief in support of his motion to dismiss. *See* [Dkt. #20], at 4-5. At the omnibus hearing, Plaintiff reiterated his theory that Sheriff Jones should be held liable under 42 U.S.C. § 1983 for the incident because Sheriff Jones supervises the guards and should be held responsible for them not being in the tower at the time of the attack on him. [Dkt. #40], at 22. That theory falls under the umbrella of Sheriff Jones' original Motion seeking dismissal of any individual capacity claim [Dkt. #19]. Plaintiff testified that he also seeks to hold Sheriff Jones liable for a policy he says existed of "no guards present." [Dkt. #40], at 20.

It is true that Sheriff Jones is the final policymaker relative to policies of detention at HCDC and an official capacity claim against Sheriff Jones is a claim against Hinds County. *See Johnson v. Hinds County, Miss.*, 237 F.3d 632 (2000); *Cunningham v. Hinds Cnty. Sheriff's Dept.*, 2012 WL 5384642, at *2 (S.D. Miss. Nov. 1, 2012). "But to hold a municipality like Hinds County liable under § 1983, [the plaintiff] must prove three elements: a policymaker, an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Simpson v. Hinds Cnty., Miss.*, 2023 WL 3681529, at *2 (S.D. Miss. Mar. 30, 2023) (internal quotation marks and citation omitted). This is the governing standard for determining municipal liability in a case like this when the plaintiff appears to challenge the conditions of his confinement. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019) (noting that conditions of confinement cases "are attacks on 'general conditions, practices, rules, or restrictions of pretrial confinement'").

Here, Plaintiff's claim of municipal liability is most easily dismissed because he does not plausibly allege an official policy. He can establish an official policy in three ways: (1) written policy statements, ordinances, or regulations; (2) a widespread practice so common and well-settled as to constitute a custom "that fairly represents municipal policy"; or (3) "on rare occasions, a single decision . . . when the municipality's final policymaker performs the specific act that triggers the Section 1983 claim." *Hale v. Bd. of Supers. of Hinds Cnty., Miss.*, 2024 WL 5047879, at *3 (S.D. Miss. Dec. 9, 2024) (internal quotation marks and citations omitted).

Plaintiff's allegations do not fit into category one because he alleges nothing written. It certainly does not fall into category three because there is no plausible allegation Sheriff Jones was involved. And as to category two, Plaintiff's criticism is that "no guards were present" yet he specifically admitted that guards were usually present but just not present on that occasion. [Dkt. #40], at 21. His Complaint nor his testimony at the omnibus hearing plausibly supports a "common and well-settled" widespread practice of events like Plaintiff's at HCDC.

Finally, Plaintiff does not attempt to sue or necessarily criticize the guards who were not present, which distinguishes this from an episodic acts or omissions case. *See Garza*, 922 F.3d at 633 (noting that when the plaintiff's theory "ultimately turns on acts, or more often, omissions by [jail] staff" it makes it an "episodic-act case"). But even if it was, Plaintiff would have to show: (1) a municipal employee violated his clearly established rights with subjective deliberate indifference; and (2) that the violation resulted from a municipal policy or custom "adopted and maintained with objective deliberate indifference." *Id*. at 634. Plaintiff fails to plausibly assert facts here that would meet either element.

## CONCLUSION

For the foregoing reasons, as well as in Sheriff Jones's separate pending memorandum brief in support of his Motion to Dismiss [Dkt. #20], Sheriff Jones respectfully requests that this Court dismiss Plaintiff Amare Jerome Lewis' claims with prejudice.

This is the 29th day of October, 2025.

Respectfully submitted,

**SHERIFF TYREE JONES, DEFENDANT**

By:   */s/ Charles E. Cowan*
      CHARLES E. COWAN

**OF COUNSEL:**

Charles E. Cowan (MB #104478)
Charles W. Kihm (MB #106826)
WISE CARTER CHILD & CARAWAY, PA
401 E. Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-551
Facsimile: (601) 968-5519
cec@wisecarter.com
cwk@wisecarter.com

## CERTIFICATE OF SERVICE

I, Charles E. Cowan, hereby certify that I have notified the following non-ECF participant of this filing via other means:

**Amare Jerome Lewis**
19351 US 49
Tutweiler, MS 38963

This the 29th day of October, 2025.

*/s/ Charles E. Cowan*
CHARLES E. COWAN

5